UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
__Northern__ DIVISION

Provided By Santa Rosa C.I.
JAN 1 2 2010
For Mailing __T·M__

**CIVIL RIGHTS COMPLAINT FORM**
TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

__Amended Complaint__

Travis McKinney
Inmate # 567649
(Enter full name of Plaintiff)

vs.

David Harvey, Et Al.,
Judge Saul Sanders
Deputy Jason Newlin

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

CASE NO: 4:09 cv 444-RH/WCS
(To be assigned by Clerk)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

Filed0115'10USDCFlnFM0358

I. **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff: TRAVIS MCKINNEY
Inmate Number: 567649
Prison or Jail: Santa Rosa Corr. Inst.
Mailing address: 5850 E. Milton Rd
Milton, Florida
32583

II. **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>every</u> Defendant:

(1) Defendant's name: David Harvey
Official position: Sheriff
Employed at: Wakulla Co. Sheriff's Dept.
Mailing address: 15 Oak Street
Crawfordville, Fl.

(2) Defendant's name: Saul Sanders
Official position: Judge
Employed at: Wakulla County Courthouse
Mailing address: 3056 Crawfordville Hwy
Crawfordville, FL 32327

(3) Defendant's name: Jason Newlin
Official position: Deputy Sheriff
Employed at: Wakulla Co. Sheriff's Dept.
Mailing address: 15 Oak Street
Crawfordville, Fl.

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

IV.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

   A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
        Yes( )            No(✓)

        1.   Parties to previous action:
             (a)   Plaintiff(s): _____
             (b)   Defendant(s): _____
        2.   Name of judge: _____   Case #: _____
        3.   County and judicial circuit: _____
        4.   Approximate filing date: _____
        5.   If not still pending, date of dismissal: _____
        6.   Reason for dismissal: _____
        7.   Facts and claims of case: _____

        (Attach additional pages as necessary to list state court cases.)

   B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

        Yes( )            No(✓)

        1.   Parties to previous action:
             a.   Plaintiff(s): _____
             b.   Defendant(s): _____
        2.   District and judicial division: _____
        3.   Name of judge: _____   Case #: _____
        4.   Approximate filing date: _____
        5.   If not still pending, date of dismissal: _____
        6.   Reason for dismissal: _____

3

    7.    Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.    Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

    Yes( )               No(✓)

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

    1.    Parties to previous action:
        a.    Plaintiff(s): _____
        b.    Defendant(s): _____
    2.    District and judicial division: _____
    3.    Name of judge: _____  Case #: _____
    4.    Approximate filing date: _____
    5.    If not still pending, date of dismissal: _____
    6.    Reason for dismissal: _____
    7.    Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

D.    Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

    Yes( )               No(✓)

    1.    Parties to previous action:
        a.    Plaintiff(s): _____
        b.    Defendant(s): _____
    2.    District and judicial division: _____
    3.    Name of judge: _____  Case Docket # _____
    4.    Approximate filing date: _____ Dismissal date: _____
    5.    Reason for dismissal: _____

## Statement of Facts

On October 15th 2008, Petitioner Travis McKinney fell victim to an illegal "Gag Order" issued by Trial Judge Saul Sanders. Petitioner attempted to invoke his right to fire his Court Appointed Counsel Adam Ruiz for failing to operate and perform in Petitioner's best interest, prior too and during the Violation of Probation hearing being held at the time of this incident.

### I

Sheriff David Harvey, who was present at this hearing, sat by and watched as two of his deputies Scott Powell and Scott Rosas grab Petitioner, and after finding some tape began to tape Petitioner's mouth with the help of a third officer identified as Jason Newlin. When the tape failed to secure Petitioner, Jason Newlin pulled his personally used snot rag from his pocket and forcefully began stuffing it into the Petitioner's mouth while he was being held by the other two deputies. The deputies went on to Hog-Tie the Petitioner with shackles in addition to the ones he was currently bound in. As the tape being used failed to remain secure, the deputies went and found some Duct-Tape to secure Petitioner, who at this point began to experience trouble breathing, and started to panic, feeling fearful of the deputies and their actions. Ofc Newlin stated to Petitioner that "I don't care if you die," and that –

he could not wait to see Petitioner recieve a 45 year sentence.

Sheriff Harvey being an officer of the law, duly sworn to serve and protect, made no attempt to stop the ill treatment at the hands of deputies under his command, towards Petitioner.

Sheriff Harvey is a sworn officer, and an elected official who was bound by oath to not only serve and protect the interest of the public, but in the interest of justice, as when officer's under his command act abusively, especially in his presence, he's bound to act in the interest of the public's safety. These actions violates Petitioner's 4th, 8th, and 14th Amendment Rights.

## II
## Defendant Two

Judge Saul Sanders abused his discretion and authority in ordering the Petitioner to be bound and gagged. Petitioner, during a violation of probation hearing held on the 15th day of October, 2008, requested to dismiss his attorney for failure to act in his best interest prior to and during the V.O.P. hearing held in Judge Sanders' court room. Judge Sanders became upset at Petitioner's request and not only had him bound and gagged with duct-tape, but forced the Petitioner to proceed without counsel, without a Farretta finding, and

subsequently sentenced Petitioner to a 45 year prison term. Petitioner contends that the actions of Judge Saul violated his Forth Amendment Rights to due process and Equal Protection of the law. Thereby depriving Petitioner of Liberty, and Justice Under the U.S. Constitution.

## III
## Defendant Three

Deputy Jason Newlin upon be instructed by Judge Saul Sanders to gag defendant, proceeded to place a used "Snot Rag" from his pocket into the mouth of Petitioner, Exposing him to body fluids, waste and germs that could have resulted in illness or death. Although instructed to bind and gag Petitioner, it was beyond the scope Allowed to gag a Prisoner by his using a personally used rag to administer the order given to him. These actions resulted in Cruel and Unusual punishment thereby violating the Petitioner's Forth, Eighth and Fourteenth Amendment Rights protected by the U.S. Constitution.

## VI. STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim and relate it to the facts alleged in Section V. **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

Petitioner's Fourth, Eighth And Fourteenth Amendment Rights were violated.

## VII. RELIEF REQUESTED:

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes.

Petitioner would seek Actual damages As the Court deems Appropriate, And would Ask that punitive damages be Awarded in the Amount of $1,500,000.00 (One Million, Five Hundred Thousand, dollars.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

1/12/10
(Date)

Sran McKinny
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the 12 day of January, 20 10.

Sran McKinny
(Signature of Plaintiff)

Revised 03/07

7