**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**TRAVIS McKINNEY,**

    **Plaintiff,**

**vs.**                                     **Case No. 4:09cv444-RH/WCS**

**DAVID HARVEY, et al.,**

    **Defendants.**

                              /

## REPORT AND RECOMMENDATION

The *pro se* Plaintiff filed a second amended civil rights complaint against three Defendants, the Wakulla County Sheriff, a deputy sheriff, and a state court judge. Doc. 10. In my last order, I mistakenly concluded that this complaint was sufficient for service and asked Plaintiff to submit service copies. The complaint is not sufficient with respect to State Circuit Judge Sauls. Plaintiff's only allegation against Judge Sauls is that he ordered that he be gagged for sentencing, denied the right to assistance of counsel, forced Plaintiff to represent himself, and sentenced Plaintiff to a term of imprisonment of 45 years. Plaintiff contends that these actions violated his constitutional rights. Plaintiff seeks only money damages.

The only thing Judge Sauls is alleged to have done is to order Plaintiff to be gagged and denied representation by counsel. The order was a judicial decision in the course of judicial proceedings:

> "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983).

Sibley v. Lando, 437 F.3d 1067, 1170 (11th Cir. 2005). Additionally, Plaintiff may not obtain a ruling in this court that Judge Sauls violated his constitutional rights with respect to denial of counsel or the manner in which he was restrained as those claims, if successful, would imply the invalidity of Plaintiff's sentence and that result can only be obtained through prosecution of a petition for writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

I have determined that the allegations against the other Defendants are sufficient to state an excessive force claim, at least with respect to service of the complaint. Accordingly, it is **RECOMMENDED** that the Court **DISMISS** the complaint with respect to Defendant Sauls and **REMAND** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 29, 2010.

                                                                      s/ William C. Sherrill, Jr.
                                                                      **WILLIAM C. SHERRILL, JR.**
                                                                      **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.