**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

TRAVIS McKINNEY,

    Plaintiff,

vs.                              Case No. 4:09cv444-RH/WCS

DAVID HARVEY,
and JASON NEWLIN,

    Defendants.

_____/

## SECOND REPORT AND RECOMMENDATION

Plaintiff, a *pro se* inmate, first initiated this case in November, 2009, against three Defendants. Doc. 1. Subsequently, Defendant Sauls was dismissed from this case, docs. 16, 18, and service of the second amended complaint, doc. 10, was completed. Defendants filed answers to the second amended complaint, docs. 33, 34, and a discovery order was entered on November 22, 2010. Doc. 36. At the conclusion of the discovery period, Defendants filed a motion for summary judgment. Doc. 44.

The *pro se* Plaintiff then filed a motion requesting an extension of time to file a motion for summary judgment. Doc. 45. Despite Plaintiff's deficiency in not providing a certificate of service clarifying that the motion was provided to opposing counsel, an

order was entered granting Plaintiff's motion, doc. 46, but in reality, misreading the request for relief. The order granted Plaintiff's request for more time, but mistakenly read the request as seeking more time to respond to the Defendant's summary judgment motion. Doc. 46.

Then, instead of filing a response to Defendant's summary judgment motion or Plaintiff's own summary judgment motion, Plaintiff has filed a motion for leave to file a third amended complaint, doc. 47, and a proposed third amended complaint, doc. 48. Plaintiff's motion explains that he wishes to delete Defendant Newlin as a Defendant in this case, but add other persons he believes are "liable under the Florida Tort Claims Act." Doc. 47. Plaintiff also states that he has "determined that Defendant Saul Sanders [sic, Judge Sauls] had acted outside of his jurisdiction and is therefore a liable party." *Id.* Plaintiff's proposed third amended complaint seeks to name the following nine entities as Defendants in this case: the Wakulla County Sheriff Dept., Wakulla County, Florida Dept. Of Probation and Parole, "Judge Saul Sanders," Sheriff David Harvey, Deputy Scott Powell, Deputy Officer Rojas, and two John Doe Defendants. Doc. 48, p. 1. This report and recommendation is entered without waiting on a response from Defendants.

Pursuant to FED. R. CIV. P. 15(a), a party may "amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." For purposes of Rule 15, "the term 'responsive pleading' does not include such filings as a motion to dismiss or a motion for summary judgment." <u>Brewer-Giorgio v. Producers Video, Inc.</u>, 216 F.3d 1281, 1284 (11th Cir. 2000), *citing* <u>Burns v. Lawther</u>, 53 F.3d 1237, 1241 (11th Cir. 1995); 6 Wright & Miller, Federal Practice and Procedure § 1479

and n. 10. Here, leave of court is required in this case because Defendants had already filed the motion for summary judgment and Plaintiff had previously been directed to file amended complaints. See docs. 7, 9, and 44.

Fed.R.Civ.P. 15(a) provides that amendment after a responsive pleading has been served, absent written consent of the adverse party, requires leave of court, but "leave shall be freely given when justice so requires." The Eleventh Circuit has noted that rule 15(a) "severely restricts the district court's freedom." It has held that:

> This policy of rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the district court's discretion; thus, unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial.

Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989). The purpose of generously allowing amendment is to facilitate a proper decision upon the merits. Dussouy v. Gulf Coast Investment Corporation, 660 F.2d 594, 598 (5th Cir. 1981).

The policy of generously permitting amendments under Rule 15(a) primarily involves new theories of liability against existing Defendants. The decision of whether to allow a Plaintiff to join additional defendants is governed by a different standard. That decision is left to the discretion of the district court. Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992). The court found no abuse of discretion in denying a § 1983 pro se litigant's motion to add defendants that would only be liable under a respondeat superior theory.[1] Id.

---

[1] The court also found an abuse of discretion in denying the same plaintiff's motion to add a John Doe defendant, but the abuse was in relying on fictitious party practice and not because it considered him to be a proper defendant (leaving that for the district court to consider on remand). 951 F.2d at 1216.

Quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the Eleventh Circuit has also stated that:

> In determining whether to grant a motion to amend a pleading, the district court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment."

Nolin v. Douglas County, 903 F.2d 1546, 1550 (11th Cir. 1990).

In Paschal v. Florida Public Employment Relations Commission, 666 F.2d 1381 (11th Cir.), cert. denied, 457 U.S. 1109 (1982), the court again found no abuse of discretion by a denial of leave to amend where the case was over a year old, discovery had closed, the motion to amend was not made until shortly before trial, the amendment would have caused prejudice to defendants by a continuance of the trial, and there was no indication that the plaintiff would be precluded from bringing his claim in a separate suit due to the running of the statute of limitations.

Denial of leave to amend was also sustained in Addington v. Farmer's Elevator Mutual Insurance Company, 650 F.2d 663 (5th Cir., Unit A), cert. denied, 454 U.S. 1098 (1981). The court found that amendment was sought more than a year after filing suit, after a motion for summary judgment had been filed, and after discovery had ended. Moreover, the court found the proposed amendment to be futile. 650 F.2d at 667. Futility of amendment is sufficient cause under Rule 15 to deny permission to amend. Nolin, 903 F.2d at 1550, *quoting*, Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Grayson v. K Mart Corp., 79 F.3d 1086, 1110 (11th Cir. 1996), *cert. denied*, 117 S.Ct. 435 (1996).

In this case, futility provides sufficient reason to amend. Plaintiff has already attempted to bring his claim against the state court judge, Sanders Saul. That Defendant has already been dismissed. Docs. 16, 18. The amendment is futile and presents no basis for claims against a state judge who was acting in his role as judge during the events alleged. Defendant Sauls has absolute immunity. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), the complaint must be dismissed against this Defendant.

There is no need to amend this case to add state tort claims against other entities. For example, it is duplicitous to bring a claim against the Wakulla County Sheriff's Department as Plaintiff is already proceeding against the Sheriff David Harvey. There is no basis to bring a claim against the County as *respondeat superior* is not applicable in a civil rights case.

Furthermore, Plaintiff is attempting to use this case to bring allegations which indirectly challenge the basis for violating Plaintiff's community control release. Doc. 48, pp. 13-14. Plaintiff claims false information was provided by his probation officer which led Plaintiff to fail to report to his officer as required. *Id.*, at 14. Plaintiff cannot challenge his violation of probation in this civil rights action.

This case is on the verge of summary judgment. Plaintiff requested time to submit his own summary judgment motion, not leave to amend. There is no basis for the proposed third amended complaint and it should be denied as futile. At this late date, Plaintiff should be held to the allegations he has been proceeding upon for the past fourteen months. Moreover, because Plaintiff has already pursued discovery, Plaintiff should not be permitted to bring claims against John Doe Defendants.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for leave to file third amended complaint, doc. 47, be **DENIED** and the case be **REMANDED** for further proceedings, including review of the pending motion for summary judgment filed by Defendants.

**IN CHAMBERS** at Tallahassee, Florida, on April 14, 2011.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**