# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

TRAVIS McKINNEY,

    Plaintiff,

v.                                            CASE NO. 4:09cv444-RH/WCS

DAVID HARVEY, and
JASON NEWLIN,

    Defendants.

_____/

## ORDER OF DISMISSAL

The plaintiff Travis McKinney was the defendant in a probation-violation proceeding in state court. The state-court judge ordered Mr. McKinney bound and gagged based on his disruptive behavior. One or more deputy sheriffs bound and gagged Mr. McKinney. Mr. McKinney filed this federal civil-rights claim against various defendants. Only two remain: Sheriff David Harvey and deputy sheriff Jason Newlin. The Sheriff was present at the state-court proceeding but did not personally participate in binding and gagging Mr. McKinney. He also did not stop his deputies from doing so.

Deputy Newlin was not involved in these events at all.  He was named as a defendant because of mistaken identity.  Mr. McKinney has filed a notice for voluntary dismissal of the claims against Deputy Newlin.

The Sheriff has moved for summary judgment.  The Sheriff's summary-judgment motion and Mr. McKinney's notice of voluntary dismissal of the claims against Deputy Newlin are before the court on the magistrate judge's third report and recommendation, ECF No. 59, and the objections, ECF No. 61.  I have reviewed *de novo* the issues raised by the objections.

An officer who does not personally participate in a constitutional violation can be held liable for it if the officer was present, had the ability to stop the violation, and failed to do so.  Sheriff Harvey was present and, as the boss, had the authority to stop the deputies from committing a constitutional violation he was aware of, at least if their actions were not compelled by the judge.  All the judge ordered—when the facts are taken in the light most favorable to Mr. McKinney as required on the Sheriff's summary-judgment motion—was that Mr. McKinney be bound and gagged, not that it been done in an unnecessarily painful or injurious manner.

Mr. McKinney asserts his mouth was bound with tape that was repeatedly applied and removed, causing him significant pain and some injury.  The Sheriff denies this, but for summary-judgment purposes I accept Mr. McKinney's version

of these events. Even so, the report and recommendation correctly concludes that this use of force was not substantial enough to constitute a constitutional violation.

Mr. McKinney also says that at one point a used handkerchief was inserted into his mouth as part of the gag, and that the Sheriff knew it. It seems more than a little unlikely that a used handkerchief was employed and even more unlikely that, if it was, the Sheriff knew it. But even accepting Mr. McKinney's version of events, this use of force was not unconstitutional. Mr. McKinney makes no claim that the handkerchief was contaminated with disease or that he suffered any significant actual harm. That no unconstitutional use of force occurred makes it unnecessary to consider whether the sheriff in his individual capacity would have qualified immunity—no clearly established law holds this use of force unconstitutional—or whether the sheriff in his official capacity would be protected from liability by the constraints on entity liability recognized in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978).

For these reasons and those set out at greater length in the report and recommendation, this order directs the entry of judgment. A judgment already was entered under Federal Rule of Civil Procedure 54(b) dismissing the claims against the state-court judge. Mr. McKinney dropped other defendants when he omitted them from his second amended complaint, but no judgment was entered confirming the dismissal of the claims against them. This order thus directs the

entry of a judgment covering not only the claims against Sheriff Harvey and Deputy Sheriff Newlin, but also the claims against others who were originally named as defendants but for whom no judgment has been entered.  The judgment will dispose of all claims among all parties.

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's opinion.  Mr. Harvey's summary-judgment motion, ECF No. 44, is GRANTED.  The clerk must enter a judgment stating, "The plaintiff's claims against the defendant David Harvey are dismissed with prejudice.  The plaintiff's remaining claims against other defendants are dismissed without prejudice."  The clerk must close the file.

SO ORDERED on September 21, 2011.

Robert L. Hinkle  
United States District Judge
